UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER R.,[1]<br><br>    Plaintiff<br><br>v.<br><br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:20-06532-GJS<br><br>**ORDER AWARDING ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |

On July 11, 2022, counsel for Plaintiff filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). [Dkt. 24.] Plaintiff's counsel seeks an order for payment of fees in the amount of $20,290.75, with a credit to Plaintiff in the amount of $6,100 for fees that were previously awarded pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). The Commissioner does not oppose the motion. [Dkt. 29.] For the reasons stated below, the Court grants counsel's Motion.

/ / /

/ / /

---

[1] In the interest of protecting Plaintiff's privacy, this Order uses Plaintiff's first name and last initial.

## BACKGROUND

This case was previously remanded to the Commissioner for further administrative proceedings. [Dkt 18.] The Commissioner subsequently granted Plaintiff's application for disability insurance benefits, entitling Plaintiff to receive approximately $81,163 in retroactive benefits. [Dkt 24 at 6, ¶ 4, 24-1 at 2.]

## DISCUSSION

Under Section 406(b)(1) of Title 42, the Court may award to counsel a portion of a judgment favorable to claimant for benefits as a reasonable fee for representing the claimant, provided it does not exceed 25 percent of the claimant's past due benefits. *See* 42 U.S.C. § 406(b)(1)(A). Contingent fee arrangements are the primary avenue by which Social Security plaintiffs' counsel are compensated, subject to the 25 percent cap, although counsel must show that the fee sought is reasonable for the services rendered. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Counsel's "normal hourly billing charge for non-contingent-fee cases" and the number of hours spent on the representation may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreements." *Id*. at 808.

Here, counsel's fee request is reasonable. Plaintiff agreed to pay counsel a contingent fee of 25 percent of past due benefits. [Dkt 24 at 6, ¶ 5, 24-2.] The fee requested, $20,290.75, amounts to 25% of the past due benefits. [Dkt 24-1 at 2.] The amount sought translates into an hourly rate of $624.33 per hour for legal services provided in litigating the case in this Court (32.5 hours of attorney time [Dkt 47 at 4, 7-8]), which is within the bounds of reasonable hourly rates for legal work of this kind. The record discloses no issue regarding the quality or efficiency of counsel's representation before this Court, and counsel obtained a favorable result for Plaintiff in the form of a stipulated remand for further administrative proceedings. *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009).

**ORDER**

IT IS THEREFORE ORDERED that Plaintiff's counsel's Motion for Attorney's fees Pursuant to 42 U.S.C. § 406(b) is GRANTED. Section 406(b) fees are allowed in the gross amount of $20,290.75, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits. Plaintiff's counsel is ordered to reimburse Plaintiff in the amount of $6.100 for EAJA fees previously awarded.

**IT IS SO ORDERED.**

DATED: January 25, 2023

_____
HON. GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE